IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CR-00247-M-5

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | ORDER |
| v. | |
| TALVIN LAMAR BRANDON, | |
| Defendant. | |

This matter comes before the court on the Defendant's pro se Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure [DE 463]. Defendant seeks the return of his property—i.e., two iPhone cellular telephones—seized by the United States on July 18, 2023. *See id.; see also* PSR ¶ 45, DE 335. The United States objects, contending that Defendant has improperly filed his motion in this criminal case, when the matter should be adjudicated as a separate civil action. Alternatively, the government argues that Defendant is not entitled to the return of his property based on his plea agreement, but advises that it has informed Defendant by separate letter the method by which Defendant may properly retrieve the cell phones. Although provided the opportunity to do so, Defendant did not file a reply brief.

The Fourth Circuit has ruled that a motion filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is a separate "civil action," subject to applicable filing fees. *United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000).[1]  Thus, the court is authorized to deny the present motion without prejudice for the Defendant's failure to file the motion as a separate civil action.

---

[1] In 2000, a motion for return of seized property was governed by Rule 41(e) of the Federal Rules of Criminal Procedure. *See United States v. Soza*, 599 F. App'x 69, 70 n.* (4th Cir. 2015).

However, in the interests of judicial economy and efficiency,[2] the court will address the merits of the motion as currently filed. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[3] *United States v. Johnson*, 683 F. App'x 241, 248 (4th Cir. 2017) (quoting Fed. R. Crim. P. 41(g)). "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008)). Furthermore, if the United States has neither actual nor constructive possession of the property that is the subject of a Rule 41(g) motion, it is not the proper party to an action for return of the property. *United States v. Gomez*, 382 F. App'x 344, 345 (4th Cir. 2010).

Here, Defendant argues that the cell phones are "not subject to any forfeiture agreement," and are "not contraband" nor "an instrument of any crime." DE 462 at 1. However, Defendant signed a plea agreement, in which he agreed to "forfeit and/or abandon all of the Defendant's right, title, and interest in all property seized in connection with the investigation and prosecution of the acts alleged . . . ." Agmt. ¶ 2(e), DE 287. Specifically, Defendant agreed that he

> hereby waives, releases, and withdraws any claim that Defendant has previously made or could subsequently assert with respect to the Subject Property, *including the right to seek remission or mitigation of forfeiture or otherwise to seek return of the property*, and understands that the Government may use this agreement in any administrative or judicial proceeding respecting the Subject Property, whether criminal or civil, federal or state.

---

[2] This includes consideration of the Defendant's ability to pay the requisite filing fee and the likely submission of an application pursuant to 28 U.S.C. § 1915. *See* DE 4, 5.

[3] As the Defendant fails to demonstrate any "unlawful search and seizure of property" in this case, the court assumes (as does the government, apparently) that Defendant argues he was "deprived" of the seized property.

2

*Id.* (emphasis added). As Defendant "is not entitled to lawful possession of the seized property," the motion is "properly denied." *Soza*, 599 F. App'x at 70.

Moreover, while cell phones are not contraband per se, Defendant would not be permitted to possess them during his incarceration, and he does not identify any "authorized representative" (DE 463 at 2) to whom the cell phones might be returned. That said, the United States advises that it has informed Defendant of the proper method by which to identify a family member or other person authorized to retrieve the cell phones from the Drug Enforcement Agency (DEA). DE 467 at 3. To the extent that Defendant has followed such procedure, his motion may be rendered moot; nevertheless, the United States has properly demonstrated that Defendant is not entitled to relief under Rule 41(g).

Accordingly, Defendant's pro se Motion for Return of Property [DE 463] is DENIED.

SO ORDERED this ____7th____ day of May, 2026.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3